# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| AJB ENTERPRISES, LLC,<br>　　Plaintiff, | :<br>:<br>: |
| v. | :     Case No. 3:16-cv-00758 (VAB) |
| | : |
| BACKJOY ORTHOTICS, LLC,<br>　　Defendant. | :<br>: |

## RULING ON MOTION TO DISMISS

AJB Enterprises, LLC d/b/a Body Back Company ("AJB" or "Plaintiff"), brought this action against Defendant, BackJoy Orthotics, LLC ("BackJoy" or "Defendant"), alleging federal and state claims of trade dress infringement, unfair competition, breach of contract and unjust enrichment. Compl., ECF No. 1. On December 16, 2016, the Court granted BackJoy's [22] Motion to Dismiss all claims under Rule 12(b)(6) and allowed AJB to file an Amended Complaint addressing the deficiencies outlined in the Court's ruling. Mot. to Dismiss Ruling, ECF No. 35.

AJB filed an Amended Complaint on January 17, 2017. Am. Compl., ECF No. 36. BackJoy moved to dismiss AJB's Amended Complaint on February 7, 2017 under Rule 12(b)(6), arguing that the Amended Complaint suffers from the same deficiencies as the original Complaint and seeking dismissal, with prejudice, of all claims. Def. Mot. to Dismiss, ECF No. 39.

For the reasons outlined below, BackJoy's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. BackJoy's motion is denied as to AJB's federal claims, and those claims will be permitted to proceed at this time. BackJoy's motion is granted, however, as to AJB's state law claims. All state law claims are dismissed without prejudice to refiling, provided

that AJB specifies, in accordance with the Court's previous ruling, which state's substantive law applies to its claims.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The factual allegations in this case are clearly laid out in the Court's previous ruling on BackJoy's [22] Motion to Dismiss. *See* Mot. to Dismiss Ruling, ECF No. 35. The Court assumes familiarity with AJB's factual claims for purposes of this opinion.

    **A. AJB's Original Complaint and the Court's Motion to Dismiss Ruling**

In its original Complaint, AJB alleged two federal claims: (1) federal unfair competition based on trade dress infringement; and (2) federal unfair competition based on "multiple misrepresentations." Compl., ECF No. 1. The Complaint also alleged numerous state law claims, including various forms of unfair competition as well as breach of contract and unjust enrichment claims, without specifying which state's common law would govern those claims. *Id.* In support of its claims, AJB alleged that BackJoy impermissibly copied its S-shaped trigger point massager ("Body Back massager"), duplicating several design features that constitute AJB's claimed trade dress, and sold that device on the market as its own. *Id.* In the Court's [35] Motion to Dismiss ruling, the Court dismissed all federal claims asserted in AJB's original Complaint, without prejudice, for failure to state a claim under Rule 12(b)(6). Mot. to Dismiss Ruling, ECF No. 35.

As to AJB's first federal claim of trade dress infringement, the Court noted in its ruling that the Complaint lacked the requisite specificity regarding the alleged distinctiveness of the claimed trade dress. *Id.* at 6-7. The Court also found that AJB failed to allege specifically two of the three elements required for a viable trade dress infringement claim: (1) that the claimed trade dress was not "functional," and (2) that the claimed trade dress has acquired a secondary

2

meaning. *Id.* at 7-11. As to AJB's second federal claim of unfair competition, the Court found that, without a protectable trade dress in connection with the product at issue, AJB could not state a plausible unfair competition claim. *Id.*

The Court dismissed both federal claims accordingly. *Id.* The Court also declined to exercise supplemental jurisdiction over AJB's state law claims, having dismissed all federal claims. *Id.* The Court's ruling was without prejudice to filing an Amended Complaint within 30 days. *Id.* In connection with AJB's state law claims, the Court specifically ordered that, "[s]hould AJB choose to file an Amended Complaint in this matter, it is also instructed to include specific allegations regarding the applicable state substantive law in connection with its state common law claims." *Id.*

### B. AJB's Amended Complaint

AJB filed an Amended Complaint on January 17, 2017, within the time period specified the Court in its motion to dismiss ruling. Am. Compl., ECF No. 36. In its Amended Complaint, AJB brings the same federal and state law claims that it attempted to assert in the original Complaint and sets forth the same general allegations against BackJoy. *Id.* at ¶¶ 91-100. In light of the deficiencies described in the Court's ruling, however, AJB supplemented its Amended Complaint with additional detail. *Id.*

While a significant portion of this additional detail does not relate directly to the reasons given by the Court for dismissal, the Amended Complaint does add some substance in three key areas with respect to AJB's federal claims. First, the Amended Complaint adds specific allegations regarding how the claimed trade dress is distinctive. In its Amended Complaint, AJB focuses the description of its claimed trade dress, emphasizing the appearance of the device: "which, by virtue of its S-shaped frame, in combination with an arm supporting a massage nub,

3

is distinctive from other cane massage tool products on the market...." *Id*. at ¶ 2; *see also id.* at ¶ 14 (defining "Trade Dress" as "[t]he appearance of the Body Back Original, more particularly, its shape defining a frame supporting massage nubs, including an S-shaped frame portion and at least one substantially straight frame arm"). AJB also submits numerous images of other cane massagers available on the market, *see id.* at ¶ 17, alleging that its Body Back massager is visibly distinct from all these other products, thus confirming the distinctiveness of its trade dress.

Second, citing these images and allegations regarding other products, the Amended Complaint specifically alleges that its claimed trade dress – namely, the product's shape and the specific positioning of its massage nubs – is non-functional. *Id.* The Amended Complaint describes several other cane massagers available on the market and specifically confirms that the described "alternative configurations of other tools on the market perform the same function as the Body Back Original." *Id.* at 8.

Finally, the Amended Complaint specifically asserts that "Plaintiff and its predecessor have incurred great expense and have devoted substantial resources to make the Body Back Original extremely well known and readily recognizable to customers." *Id.* at ¶ 31. In support of this allegation, AJB includes various details regarding its alleged marketing and advertising efforts. *See id.* at ¶¶ 32-33 ("Body Back spent approximately $500,000 in advertising the Body Back Buddy trigger point massage tool on Amazon, Google and Facebook... Body Back and its Predecessor have also advertised the Body Back Buddy on Pinterest, Instagram and Twitter."); *id.* at ¶ 34 ("There are very many popular videos featuring the Body Back Original ... available on You Tube and the Body Back website, all of which have acted to build the goodwill of the business of Plaintiff in the Body Back Buddy and increase the recognizability and iconic nature of the Body Back Original and its Trade Dress."); *id.* at ¶ 45 ("Facebook cofounder Dustin

Moscovitz... provided an unsolicited, unpaid and enthusiastic testimonial for 'the strangely shaped massage device he swears by....'").

With respect to AJB's state law claims, the Amended Complaint does not specify a particular state substantive law under which the claims are brought. Instead, AJB includes reference to three different states – Connecticut, Oregon and Colorado – asserting that AJB would be entitled to recovery under the laws of any of those three states. *Id.* at ¶¶ 101-118.

## II.  STANDARD OF REVIEW

When considering a motion to dismiss under Fed R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations in the complaint and draw all possible inferences from those allegations in favor of the plaintiff. *See York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002). The proper consideration is not whether the plaintiff ultimately will prevail, but whether the plaintiff has stated a claim upon which relief may be granted such that it should be entitled to offer evidence to support its claim. *See id*. (citation omitted).

This requirement that the Court accept as true the allegations in a complaint "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).

## III.  DISCUSSION

For the second time, BackJoy seeks dismissal of all AJB's claims. Def. Mot. to Dismiss, ECF No. 39. BackJoy specifically argues that AJB's federal claims should be dismissed because:

(1) the Amended Complaint fails to adequately remedy the deficiencies in AJB's original description of the claimed trade dress; (2) the Amended Complaint fails to adequately plead non-functionality; and (3) the Amended Complaint fails to adequately plead that the claimed trade dress has acquired a secondary meaning. *See* Def. Mem. in Supp. at 3, ECF No. 39-1. With respect to AJB's state law claims, BackJoy argues that all state law claims are appropriately dismissed based on AJB's failure to identify the particular state law applicable to those claims. *Id.* at 18. Alternatively, BackJoy argues that the Court should decline supplemental jurisdiction over the state law claims after dismissing all federal claims. *Id.*

For the reasons outlined below, the Court disagrees with BackJoy with respect to AJB's federal claims, but agrees with respect to AJB's state law claims.

### A. Count One: Federal Trade Dress Infringement

As noted in the Court's [35] Ruling on BackJoy's original motion to dismiss, three main elements are needed in order to state a claim for federal trade dress infringement under the Lanham Act: a plaintiff must allege that "(1) the claimed trade dress is non-functional; (2) the claimed trade dress has secondary meaning; and (3) there is a likelihood of confusion" between the products. *Sherwood 48 Assocs. v. Sony Corp. of Am.*, 76 F.Appx. 389, 391 (2d Cir. 2003). Additionally, a plaintiff must "offer a 'precise expression of the character and scope of the claimed trade dress.'" *Id.* (quoting *Landscape Forms, Inc. v. Columbia Cascade Co.,* 113 F.3d 373, 381 (2d Cir. 1997)).

The Court's ruling specified three key problems with the Complaint's allegations in connection with AJB's federal trade dress infringement claim: the description provided "fail[ed] to describe the trade dress with the level of detail required to survive a motion to dismiss"; AJB "failed to specifically plead that its claimed trade dress is non-functional"; and the Complaint

failed to show secondary meaning by failing to "include any factual allegations that would connect the claimed dress to Body Back as the source of the trade dress, rather than simply connecting the trade dress to this particular genre of cane massager...." Mot. to Dismiss Ruling at 7, 9, 11, ECF No. 35. The Court finds that AJB's Amended Complaint, under the generous standard of review applicable at the pleading stage, includes sufficient factual allegations to survive dismissal on these three grounds.

1. **Description of Distinctive Trade Dress**

BackJoy argues that the Amended Complaint fails to adequately describe the claimed trade dress because it includes only "vague, conclusory, and general descriptions that denote ideas, concepts and generalized types of appearance." Def. Mem. in Supp. at 8, ECF No. 39-1. The Court disagrees.

When determining that AJB's original description of the claimed trade dress lacked the requisite specificity to survive dismissal, the Court explained that, while the Complaint "specified six distinct features that make up the trade dress of the Trigger Point Massager," it did not "provide additional details regarding how those features are distinctive." *Id.* at 6; *see also Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 347 (E.D.N.Y. 2014) (noting that, in order to survive dismissal of a trade dress infringement claim, "the plaintiff must provide a description of which of plaintiff's trade dress design elements are distinctive and how they are distinctive") (internal quotations and marks omitted); *Nat'l Lighting Co. v. Bridge Metal Indus., LLC*, 601 F. Supp. 2d 556, 562 (S.D.N.Y. 2009) (noting that a trade dress infringement claim lacks the requisite specificity when it contains a "laundry list of the elements that constitute [the type of product]'s design rather than a description of which of plaintiff's trade dress design elements are distinctive and how they are distinctive"). According to the Court's

ruling, therefore, the key deficiency of the original pleadings was AJB's failure to include allegations regarding the distinctiveness of its claimed trade dress, rather than the specificity with which it described the particular features of the claimed trade dress. *See* Mot. to Dismiss Ruling at 7 (noting that the "description provided in the Complaint" was "specific in its description of the features that constitute the claimed trade dress").

In its earlier ruling, the Court recognized AJB's arguments that cane massagers took on other shapes and designs in the market as potentially indicating the distinctiveness of the claimed trade dress. *Id.* at 6. The Court noted, however, that AJB mentioned these arguments "for the first time in its memorandum in opposition to BackJoy's motion to dismiss" rather than including them as factual allegations in the Complaint. Accordingly, the Court was unable to consider those allegations at the time of its ruling. *Id.* (citing *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 258 (S.D.N.Y. 2008) (requiring courts to "limit [their] analysis to the four corners of the complaint" when considering motions to dismiss)).

Unlike the original Complaint, the Amended Complaint incorporates detailed allegations regarding the variety of configurations of cane massagers that are available on the market. Am. Compl. ¶ 17 (listing photographs of cane massagers in various shapes that are distinct from the S-shape that constitutes most of AJB's claimed trade dress, including the "Q Flex," the "MyoTool," the "Thera Cane," the "PT Fit," and the "Nayoya Back Hook Massager"). These additional factual allegations sufficiently address the distinctiveness of the claimed trade dress at this stage. Thus, dismissal is no longer warranted on this basis.

### 2. Non-Functionality

BackJoy also argues that dismissal of AJB's federal trade dress infringement claim is appropriate because AJB does not allege "non-functionality" as required by the Second Circuit in

unregistered trade dress infringement claims. *See* Mem. in Supp. at 10; *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 116 (2d Cir. 2001) ("A final doctrinal hurdle is the congressionally-imposed requirement that a plaintiff prove that an unregistered trade dress is 'not functional'"). The Court disagrees.

According to BackJoy, despite AJB's assertions to the contrary, the images included in the Amended Complaint suggest that the shape and placement of massage nubs on the Body Back massager are functional. Def. Mem. in Supp. at 12. BackJoy argues that those design elements are sufficiently similar to the other available cane massagers to suggest that they are "dictated by function, namely performing trigger point massage in and around the shoulder blade." *Id.*

BackJoy, however, is seeking dismissal at the pleadings stage under Rule 12(b)(6), not at the summary judgment stage under Rule 56. At the 12(b)(6) stage, this Court is required to "construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true." *York*, 286 F.3d at 125. While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[,]" *see Iqbal*, 556 U.S. at 678, "[t]he proper consideration is not whether the plaintiff ultimately will prevail, but whether the plaintiff has stated a claim upon which relief may be granted such that it should be entitled to offer evidence to support its claim." *York*, 286 F.3d at 125.

The Amended Complaint unequivocally states that the claimed trade dress "is not essential to the use or purpose of a cane massage tool, as illustrated by the numerous products in various configurations which perform the identical self-massage functions as the Body Back Buddy." Am. Compl. at ¶ 18. Drawing all inferences in favor of AJB, as is required at this stage,

the Amended Complaint sufficiently alleges functionality for 12(b)(6) purposes, and dismissal is not warranted on this ground.

### 3. Secondary Meaning

Finally, BackJoy argues that the allegations in the Amended Complaint "fail to support a plausible inference of secondary meaning[,]" justifying the dismissal of AJB's federal trade dress infringement claim. Def. Mem. in Supp. at 15, ECF No. 39-1. The Court disagrees.

BackJoy cites to the six-factor test outlined in *Carson Optical*, 11 F. Supp. 3d at 343, which invites courts to consider "the following factors: '(1) advertising expenditures, (2) consumer studies linking the mark to a source, (3) unsolicited media coverage of the product, (4) sales success, (5) attempts to plagiarize the mark, and (6) the length and exclusivity of the mark's use.'" *Id.* (quoting *Cartier, Inc. v. Sardell Jewelry, Inc.*, 294 F. App'x 615, 618 (2d Cir. 2008)). The Amended Complaint, unlike the original Complaint, includes specific factual allegations as to most of the factors identified in *Carson Optical*. *See* Am. Compl. at ¶¶ 32-45. In connection with each of those factors, AJB repeatedly alleges that its marketing efforts and market recognition have served to "increase the recognizability and iconic nature of the Body Back Original and its Trade Dress." *Id.* at ¶ 34.

AJB need only plausibly allege that the Body Back massager's S-shaped configuration and the placement of its massage nubs have acquired a secondary meaning in order to plead this particular element of a trade dress infringement claim at the motion to dismiss stage. The Court finds that the Amended Complaint contains sufficient allegations regarding this element to survive dismissal at this stage. Accordingly, BackJoy's motion to dismiss is denied on this ground.

Having remedied the deficiencies identified in the Court's motion to dismiss ruling as to the trade dress infringement, AJB's federal trade dress infringement claim will be allowed to proceed at this time.[1]

### B. Count Two: Federal Unfair Competition

In order to state an unfair competition claim under the Lanham Act, the moving party must "demonstrate '(1) that it has a valid trademark entitled to protection under the Act, and (2) defendant's actions are likely to cause confusion.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports, Ltd.*, 812 F. Supp. 2d 186, 192 (E.D.N.Y. 2011) (citing *Phillip Morris USA Inc. v. Marlboro Express,* No. 03-CV-1161, 2006 WL 2076921, at *4 (E.D.N.Y. Aug. 26, 2005)). According to BackJoy, the Amended Complaint has failed to adequately plead a protectable trade dress in connection with its Body Back massager product, and AJB cannot otherwise plausibly claim trademark protection through the product's relatively generic name ("Trigger Point Massager"); thus, AJB's unfair competition claim must be dismissed under Rule 12(b)(6). Def. Mem. in Supp. at 16-17, ECF No. 39-1.

As explained above, however, AJB has stated a plausible claim for trade dress infringement, thus satisfying the first element of an unfair competition claim. *See Estate of Ellington*, 812 F. Supp. 2d at 192. Furthermore, the Court recognized in its prior ruling that AJB's allegations have sufficiently established confusion for purposes of the second element this claim. *See* Mot. To Dismiss Ruling at 12-15, ECF No. 35. Thus, dismissal is not warranted on this basis, and AJB's federal unfair competition claim is permitted to proceed at this time.

---

[1] The Court reiterates the concerns expressed in its prior ruling regarding the lack of Second Circuit case law analyzing trade dress infringement claims at the motion to dismiss stage. Mot. to Dismiss Ruling at 5-6. In light of the absence of binding authority requiring dismissal based on the arguments advanced by BackJoy, the Court finds that AJB's allegations are at least minimally adequate at this early stage of the litigation.

### C. Counts Three through Six: State Law Claims

Finally, BackJoy seeks dismissal of all remaining state law claims, noting that AJB has failed to comply with Court's clear instruction to "include specific allegations regarding the applicable state substantive law in connection with its state common law claims." *See id.* at 17. AJB contends that it appropriately cited the "laws of Connecticut, Oregon and Colorado" in connection with its state law claims based on "Plaintiff's presence in Connecticut... Defendant's presence and operations in Colorado... and Plaintiff's predecessor's business in Ashland, Oregon...." Pl. Mem. in Opp. at 4, ECF No. 42.

The Court was clear in its instructions to AJB, which required AJB to specify the "applicable state substantive law in connection with its state common law claims." Mot. To Dismiss Ruling at 17, ECF No. 35. AJB did not follow those instructions in its Amended Complaint, instead referencing the potential applicability of the laws of three different states. Am. Compl. at ¶¶ 101-118.

Under Rule 8 of the Federal Rules of Civil Procedure, a party's pleadings must "give[] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to "facilitate a proper decision on the merits." *Green v. Greene*, No. 9:07 CV 0351 (GTS) / (DEP), 2010 WL 455456, at *2 (N.D.N.Y. Feb. 2, 2010) (quoting *Jackson v. Onondaga Cty.*, 549 F. Supp. 2d 204, 212 n. 17-18 (N.D.N.Y. 2008). Not only does AJB's Amended Complaint fail to comply with the Court's orders; by claiming relief under three distinct standards from the common law of three alternative states, AJB fails to provide BackJoy with fair notice of the claims against which it must defend, thus violating the requirements of Rule 8.

Accordingly, BackJoy's motion to dismiss is granted with respect to AJB's state law claims. This dismissal is without prejudice to re-filing a Second Amended Complaint detailing

which state common law governs. If AJB fails to comply with this requirement, the Court will dismiss all state law claims with prejudice.

IV. **CONCLUSION**

BackJoy's [39] Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. BackJoy's motion is denied as to AJB's federal claims, and those claims will be permitted to proceed at this time. BackJoy's motion is granted without prejudice as AJB's state law claims. AJB may file a Second Amended Complaint within 30 days specifying, in accordance with the Court's previous ruling, which state substantive law applies to its state law claims. If AJB's subsequent filing does not comply with the Court's instructions, all state law claims will be dismissed with prejudice.

SO ORDERED this 29th day of September, 2017 at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE